**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MURREY LIFE INSURANCE & ENDOWMENT TRUST, by and through its Sole Trustee and Sole Beneficiary, Charles D. Murrey III,<br><br>                                    Plaintiff,<br><br>v.<br><br>CHARLES DESHIELDS MURREY, III,<br><br>                                    Defendant. | Case No.:  3:25-cv-02580-RBM-JLB<br><br>**ORDER DENYING REQUEST FOR REFUND OF FILING FEE AND MOTION FOR E-FILE ACCESS**<br><br>**[Docs. 8, 9]** |

On September 30, 2025, Plaintiff Murrey Life Insurance and Endowment Trust, by and through its Sole Trustee and Sole Beneficiary, Charles D. Murrey III ("Plaintiff") filed the Complaint against Defendant Charles Deshields Murrey III.  (Doc. 1.)  As another Court in this District has explained, "Mr. Murrey may not proceed pro se in a legal action on behalf of the trust he represents."  *Murrey Life Ins. & Endowment Tr. v. Kohl's, Inc.*, Case No.: 3:25-cv-2134-CAB-JLB, 2025 WL 2412159, at *1–2 (S.D. Cal. Aug. 20, 2025) (citing *Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, could not maintain an action on behalf of the trust as pro se litigants)).

1

Plaintiff argues that he "may prosecute this action pro se, as he is the sole trustee and sole beneficiary of the Trust," pursuant to Federal Rule of Civil Procedure 17(a)(1)(E) and the holding in *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696 (9th Cir. 1987). (Doc. 1 at 1.) These arguments are incorrect. The Ninth Circuit in *C.E. Pope* ruled that a trustee may *not* proceed pro se on behalf of the trust, and that Rule 17(a) "does *not* warrant the conclusion that a nonlawyer can maintain such a suit" pro se. 818 F.2d at 697–98 (emphasis added). Accordingly, and because this case has already been closed pursuant to the filing of Plaintiff's Notice of Voluntary Dismissal (*see* Doc. 7), Plaintiff's Request for Refund of Filing Fee (Doc. 8) and Motion for Leave to Electronically File Documents (Doc. 9) are **DENIED as moot**.

Additionally, even if it reached the merits of Plaintiff's Request for Refund of Filing Fee, the Court would deny the request. The Court lacks the authority to refund a filing fee after a voluntary dismissal. *See Green v. Bank of Am.*, No. 2:12-cv-02093-GEB-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41(a)); *Lopez v. Doe*, Case No. 5:23-cv-01924-FWS-AJR, 2024 WL 5422706, at *1 (C.D. Cal. Feb. 29, 2024) ("Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914 and are part of the costs of litigation," and "[n]othing in § 1914 provides for the refund of filing fees."); *Reed v. Newsom*, Case No.: 3:20-cv-2439-AJB-MDD, 2021 WL 3406283, at *3 (S.D. Cal. Aug. 4, 2021) ("to the extent Plaintiff seeks voluntary dismissal under [Rule] 41(a), the court nevertheless lacks the authority to refund a filing fee").

**IT IS SO ORDERED.**

DATE: March 31, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-02580-RBM-JLB